LANDON M. YOST, CA Bar No. 267847
Trial Attorney, Civil Division, Tax Litigation Branch
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-2144 (v)
202-307-0054 (f)
Landon.M.Yost@usdoj.gov

Of Counsel:
BART M. DAVIS
United States Attorney
District of Idaho

*Counsel for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF IDAHO

| | |
|---|---|
| POCATELLO COMMUNITY CHARTER SCHOOL, INC., an Idaho non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:25-cv-00410-REP<br><br>Consolidated with<br><br>Case No. 4:26-cv-00095<br><br>**UNITED STATES' UNOPPOSED MOTION FOR RELIEF FROM REQUIREMENT THAT PERSONS WITH FULL SETTLEMENT AUTHORITY ATTEND SETTLEMENT CONFERENCE** |

Magistrate Judge Debora K. Grasham's Order Setting Settlement Conference provides that "every party with full settlement authority must be personally present at the settlement conference," and further clarifies that for governmental entities, this means a representative that can "speak definitively and commit the [governmental entity] to a particular position in the litigation." (Dkt. 30). While undersigned counsel intends to personally attend the settlement conference, the United States respectfully requests to be excused from that requirement, for the reasons discussed below. Plaintiff does not oppose the requested relief.

The Department of Justice's regulations delegate settlement authority for cases arising under internal revenue laws to a limited number of senior officials. The regulations are designed to promote uniformity in settlements across the country and accountability of the officials acting upon the settlements.

Due to the amounts potentially at issue in this case, settlement proposals may involve a concession of more than $848,000. Thus, under applicable authority, James Wilkinson, the Deputy Director, Office of Review, Tax Litigation Branch, Department of Justice, is the lowest ranking government official who has been delegated full settlement authority. Mr. Wilkinson is currently responsible for overseeing hundreds of potential settlements of the Tax Litigation Branch, with the authority to accept or reject settlements involving a concession by both parties in amounts ranging from $500,000.00 to $1,500,000.00. Mr. Wilkinson is also responsible for making recommendations in matters involving any differences of opinion between the Department of Justice and the Internal Revenue Service, and regarding settlements involving amounts greater than his authority. Because of the nature and breadth of his responsibilities, it would be difficult, if not impossible, for Mr. Wilkinson to attend in person settlement conferences throughout the United States in all of the cases for which he has settlement authority.

The Tax Litigation Branch of the Civil Division of the Department of Justice is committed to the just and efficient resolution of all cases involving the United States. Many of its cases are resolved through settlements, both with the Court's assistance and without. In accordance with applicable authority, the Tax Litigation Branch has adopted procedures to make settlement conferences as productive as possible. The trial attorney with primary responsibility for the handling of the case engages in discussions with Mr. Wilkinson or other supervisors before the settlement conference to determine the range of settlement offers that they would be willing to concur in recommending. The trial attorney then represents the United States at the

settlement conference, and Mr. Wilkinson or the appropriate official[1] is available for consultation by telephone with the trial attorney or the Court during the conference in the event that there are unexpected developments. The Tax Litigation Branch (through its predecessor entity, the Tax Division) has used this method for some time and is not aware of any instance in which a trial attorney was unable to engage in energetic and frank negotiations.

This procedure is also consistent with Federal Rule of Civil Procedure 16 which provides that the Court "may require that a party or its representative be present or reasonably available by other means in order to consider possible settlement of the dispute." Fed. R. Civ. P. 16(c). As indicated in the Advisory Committee Notes on the 1993 amendments to Rule 16, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." *See also* 28 U.S.C. § 473(c) ("[n]othing in a civil justice expense and delay reduction plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General[]") (emphasis supplied). A related House Report on the Judicial Improvements Act of 1990 demonstrates that Congress recognized that the United States is unlike private litigants. "[T]hose district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. Clearly the Department cannot realistically send officials with full settlement authority to each settlement conference." H.R. Rep. No. 101-732, 101st Cong., 2d Sess. 16-17 (emphasis supplied). *See also United States v. U.S. Dist. Court for N. Mariana*

[1] For offers less than $250,000, that official could be an Assistant Director in the Western Section of the Tax Litigation Branch, if delegated such authority.

*Islands*, 694 F.3d 1051, 1059-1060 (9th Cir. 2012), as amended (Oct. 16, 2012) (holding that the Assistant Attorney General, who was lowest-ranking government official with authority to settle claims under Department of Justice regulations, could not prepare for, and appear at, all settlement conferences for all cases in that category, the government had good reasons for not delegating greater authority to settle to more government attorneys or officials, and personal participation of Assistant Attorney General was not vital).

Pursuant to 28 U.S.C. §§ 515 through 519, the trial attorney is authorized to represent the United States in this lawsuit and may negotiate settlement offers which the trial attorney is willing to recommend to the appropriate Department officials. In exercising their settlement authority, Department of Justice officials accord substantial weight to the trial attorney's recommendation regarding settlement, because the recommendation will be based on the trial attorney's knowledge of the strengths and weaknesses of the parties' positions.

The undersigned, as trial attorney for this case, has begun the necessary discussions prior to the settlement conference to ensure that it will be worthwhile and productive. The official with the authority to accept any settlement offer potentially recommended by the undersigned will be available by phone both to him and the Court during the conference.

Based on the foregoing, the United States respectfully requests that it be excused from any requirement that the person with full settlement authority personally attend the Settlement Conference.

Respectfully submitted this 28th day of August, 2026.

*/s/ Landon M. Yost*
LANDON M. YOST
Trial Attorney, Tax Division
U.S. Department of Justice
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 28th day of August, 2026, via the Court's CM/ECF system to Plaintiff's counsel.

/s/ Landon M. Yost
LANDON M. YOST
Tax Division
U.S. Department of Justice